1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   JERRY DEWAYNE LORD,                 Case No.:  3:15-cv-00669-BEN (KSC)

12                        Plaintiff,     **ORDER:**

13   v.

14   CAROLYN W. COLVIN, Acting           **(1) ADOPTING REPORT AND**
     Commissioner of Social Security,    **RECOMMENDATION [Docket No.**
15                                        **21];**
                          Defendant.
16
                                         **(2) DENYING PLAINTIFF'S**
17                                        **MOTION FOR SUMMARY**
                                          **JUDGMENT [Docket No. 13];**
18

19                                        **(3) GRANTING DEFENDANT'S**
                                          **CROSS-MOTION FOR SUMMARY**
20                                        **JUDGMENT [Docket No. 18]**

21

22

23              **I.      INTRODUCTION**

24        Plaintiff Jerry Dewayne Lord filed this action seeking judicial review of the Social

25   Security Commissioner's denial of his application for disability insurance benefits.

26   (Docket No. 1.)  A briefing schedule was issued.  (Docket Nos. 14, 16.)  Plaintiff filed a

27   Motion for Summary Judgment.  (Docket No. 13.)  Defendant filed a Cross-Motion for

28   Summary Judgment and an Opposition to Plaintiff's Motion.  (Docket No. 18.)

                                    1

On July 28, 2016, Magistrate Judge Karen S. Crawford issued a thoughtful and thorough Report and Recommendation recommending this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Cross-Motion for Summary Judgment. (Docket No. 21.)  Plaintiff filed timely objections to the Report and Recommendation. (Docket No. 22.)

Where a timely objection to a report and recommendation has been filed, the district court reviews *de novo* those portions of the report or specific proposed findings or recommendations to which an objection was filed.  28 U.S.C. § 636(b)(1).  After reviewing the Report and Recommendation, Plaintiff's Objections, and the relevant portions of the record, the Court **ADOPTS** the Report and Recommendation in full.

## II.    BACKGROUND

The procedural history of this matter and a summary of the administrative record ("AR") has been laid out in the thorough Report and Recommendation issued by the Magistrate Judge.  As this history is well-known to the parties, this Court adopts the Magistrate Judge's description of the administrative record and procedural history.  A short summary of relevant events is laid out below.

Plaintiff applied for Social Security Disability Insurance benefits on May 3, 2011, claiming the onset of disability on March 30, 2006.  (AR 178.)  He applied for Supplemental Security Income benefits on May 2, 2012 and stated his disability began on January 1, 2009.  (AR 185.)  On May 14, 2013, after holding a hearing, the Administrative Law Judge ("ALJ") concluded that Plaintiff was not disabled and his applications were denied.  (AR 32-47.)  The Appeals Council denied review of the ALJ's decision, and the ALJ's decision became final.  (AR 1-3.)

Plaintiff sought judicial review of that decision.  (Compl. [Docket No. 1].)  The basis for Plaintiff's Motion for Summary Judgment is that the ALJ provided insufficient reasons for rejecting a portion of the opinion of John A. Pella, M.D., the testifying medical expert, that Plaintiff's functional capacity decreased to sedentary in August 2011.  (Mot. at 2; AR 62-63.)  The Report and Recommendation concluded that the ALJ

did not inappropriately reject Dr. Pella's opinions, and that substantial evidence supports the ALJ's ultimate conclusion that Plaintiff does not qualify for disability or supplemental security income benefits because he retains the residual functional capacity to perform his past relevant light work.

## III.   STANDARD OF REVIEW

An applicant may seek judicial review of a final agency decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  An ALJ's decision will be reversed by the reviewing court only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039.  Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Id* at 1039-40.  Finally, the Court may not reverse an ALJ's decision on account of an error that is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## IV.   DISCUSSION

Plaintiff's objections mimic the arguments in his Motion for Summary Judgment. He argues that the ALJ did not provide sufficient reasons for rejecting the portion of Dr. Pella's opinion that Plaintiff's functional capacity decreased from "light" to "sedentary" work as of August 2011 due to a lumbar radiculopathy.  The ALJ's decision provides two reasons for rejecting Dr. Pella's opinion:  "While the claimant does have radicular pain, he has never demonstrated motor or sensory abnormalities.  As noted above, his admitted activities are greater than sedentary."  (AR 45.)  The Report and Recommendation found

that although the ALJ "could have provided better or more detailed reasons for rejecting a portion of Dr. Pella's opinion, his failure to do so is not fatal to his ultimate determination" that plaintiff retained a residual functional capacity for light work because that conclusion is supported by substantial evidence.  (Report and Recommendation at 24.)

Plaintiff contends that even if the Report and Recommendation is correct that the record contains substantial evidence to support the ALJ's decision, "this Court still should reverse in light of the ALJ's legal error of having failed to articulate specific and legitimate reasons for rejecting Dr. Pella's opinions."  (Obj. at 5.)  He argues that the ALJ's first articulated reason for rejecting Dr. Pella's opinion is factually untrue because Plaintiff did, indeed, demonstrate motor and sensory abnormalities.  (*Id.* at 4.)  He also claims, without legal citation, that the ALJ's second articulated reason is "legally inadequate."  (*Id.*)  Plaintiff believes that the Report and Recommendation's discussion of the substantial evidence supporting the ALJ's decision is purely "academic" because the decision must be reversed due to the ALJ's alleged failure to "articulate specific and legitimate reasons for rejecting Dr. Pella's opinions."  (*Id.*)  For the following reasons, the Court disagrees.

As a preliminary matter, the ALJ did not need to articulate "specific and legitimate reasons" to reject Dr. Pella's opinions.  The "specific and legitimate reasons" standard applies when the ALJ rejects the opinions of *treating* and *examining physicians*.  *See Lester v. Chater*, 81 F.3d 821, 830, 831 n.8 (9th Cir. 1995).  Dr. Pella is a *non-examining physician*, whose opinion is entitled to the least weight and which cannot, by itself, constitute substantial evidence that justifies the rejection of the opinion of a treating or examining physician.  *Id.* at 830-31 (explaining the hierarchy of medical opinions, with treating physicians at the top, examining physicians in the middle, and non-examining physicians at the bottom, whose opinions are afforded the least weight).  To reject the opinion of a non-examining physician in the residual functional capacity assessment, the

/ / /

ALJ need only "explain why the opinion was not adopted."  Social Security Ruling 96-8p.  The ALJ satisfied that standard.

Furthermore, Plaintiff's specific objections to the ALJ's articulated reasons for rejecting the testimony do not persuade the Court that the ALJ's ultimate conclusion should be disturbed.  Plaintiff first objects that the ALJ's statement that Plaintiff never demonstrated motor or sensory abnormalities is empirically untrue.  (Obj. at 3.)  The medical records cited by Plaintiff, which only span a three-month period over the multiple years at issue, show mild findings related to decreased motor strength and sensation.  The Court agrees with the Report and Recommendation's conclusion that these minor notations do not negate the ALJ's ultimate conclusion.  (Report and Recommendation at 23.)  Although Plaintiff takes issue with the ALJ's use of the word "never," it is clear that the ALJ reviewed the entire record, including the noted medical records, before finding that Plaintiff had not demonstrated motor or sensory abnormalities.  (AR 41-46.)  However, even if the ALJ erred in describing the minor limits to Plaintiff's motor and sensory abilities, such error is harmless because, as explained below, substantial evidence supports the ALJ's ultimate conclusion.  *Molina*, 674 F.3d at 1115 (holding that ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination").

The Court similarly rejects Plaintiff's objection regarding the ALJ's finding that Plaintiff's admitted activities are greater than sedentary.  Plaintiff believes that the Report and Recommendation was correct in finding that Plaintiff's "admitted daily activities are not enough to constitute substantial evidence to support the ALJ's residual functional capacity assessment."  (Report and Recommendation at 23; *see also* Obj. at 4-5.)  However, "Plaintiff submits that, contrary to Judge Crawford's analysis, this is effectively the end as far as Dr. Pella's opinion is concerned."  (Obj. at 5.)  That is, Plaintiff argues that the Report and Recommendation should *not* have considered and analyzed the substantial evidence that supports the ALJ's ultimate conclusion and, instead, should have reversed the ALJ's determination.  (*Id.*)  Plaintiff cites no legal

authority in support of this argument because there is none.  Contrary to Plaintiff's desired outcome, the district court *must* determine whether substantial evidence supports the ALJ's ultimate conclusion.  *See, e.g.*, *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("We uphold the Commissioner's decision denying benefits if . . . there is substantial evidence in the record as a whole to support the decision.").  The Report and Recommendation complied with this mandate and, as next discussed, the Court agrees with its analysis.

As noted, the Court finds that the ALJ's conclusion that Plaintiff retained the residual functional capacity to perform light work is supported by substantial evidence.  The ALJ's decision is based on medical notes and reports by Plaintiff's treating and examining healthcare providers and on the credibility of Plaintiff's testimony.  The Report and Recommendation discusses this evidence in depth, and the Court agrees with its analysis.  The opinion of Dr. Pella, a non-examining physician, is entitled to less weight than the opinions of Plaintiff's treating and examining physicians.  *Lester*, 81 F.3d at 830-31.  "Faced with conflicting medical opinions as to how much Plaintiff was limited as a result of his impairment, the ALJ accepted the opinion[s] of the [treating and] examining physician[s] over the opinion of the non-examining physician and set forth his reasons for doing so.  [Consistent with the hierarchy of medical source opinions, t]his is what ALJs are supposed to do."  *Jones v. Astrue*, No. CV 09-4562-PJW, 2010 WL 2598197, at *2 (C.D. Cal. June 22, 2010).

Therefore, in sum, substantial evidence supports the ALJ's conclusion and it is free from legal error.  Plaintiff does not qualify for disability benefits because he retains the residual functional capacity for light work and, thus, is capable of performing his past relevant work.

## V.    CONCLUSION

For the reasons discussed above, the Report and Recommendation is **ADOPTED** in its entirety.  (Docket No. 21.)  Plaintiff's Motion for Summary Judgment is **DENIED.** (Docket No. 13.)  Defendant's Cross-Motion for Summary Judgment is **GRANTED.**

1   (Docket No. 18.)  **IT IS THEREFORE ORDERED** that the final decision of the

2   Commissioner of Social Security is affirmed.  The Clerk shall enter judgment

3   accordingly and shall terminate the case.

4         **IT IS SO ORDERED.**

5

6   Dated:  September 8, 2016

7

8                                    Hon. Roger T. Benitez
                                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28